UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **PETREDEC TRADING (U.S.) INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. _____ |
| v. | ) | |
| | ) | ADMIRALTY |
| **INTERCONTINENTAL TERMINALS COMPANY LLC,** | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**PETREDEC TRADING (U.S.) INC.'S ORIGINAL COMPLAINT**

Plaintiff Petredec Trading (U.S.), Inc. ("Petredec") files this original complaint against Intercontinental Terminals Company, LLC ("ITC" or "Defendant"), and alleges as follows:

## I.   NATURE OF THIS ACTION

1. This is an action under general maritime law for a negligent misrepresentation made by Defendant to Petredec, which caused Petredec to incur substantial damages for delayed loading of cargo aboard a vessel at Defendant's terminal facility.

## II.   THE PARTIES

2. Plaintiff Petredec Trading (U.S.), Inc. is a Texas corporation with its principal place of business located at 600 Travis Street, Houston, Texas 77002.

3. Defendant Intercontinental Terminals Company, LLC is a Delaware limited liability company, with its principal place of business at 1943 Independence Parkway South, La Porte, Texas 77571. Defendant can be served through its registered agent, CT Corporation, at 1999 Bryan Street, Ste. 900, Dallas, Texas 75201-3136.

### III. JURISDICTION AND VENUE

4. This Court has maritime subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1333(1).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims in this action occurred in this District.

### IV. FACTUAL ALLEGATIONS

6. Petredec is a company which trades, ships, and distributes products, including liquefied petroleum gas, petrochemicals, and refined products globally between various suppliers and purchasers.

7. On December 28, 2018, Petredec entered into an Amended and Restated Confirmation of Physical Naphtha Transactions agreement (the "Naphtha Agreement") with Macquarie Commodities Trading US, LLC ("Macquarie") that would allow Petredec to purchase naphtha and certain other products from or sell them to Macquarie.

8. Pursuant to the terms of the Naphtha Agreement, Petredec intended to purchase cargo from Macquarie, which was stored at the ITC Pasadena Terminal facility located at 1030 Ethyl Rd., Pasadena, TX 77503 (the "Pasadena Terminal").

9. Defendant owns and operates the Pasadena Terminal at which Macquarie had stored the cargo that was to be sold to Petredec. The Pasadena Terminal has a dock at which the cargo was to be loaded.

10. On Thursday, November 8, 2018, Petredec asked via e-mail that Macquarie, "Please confirm if Stena Polaris is cleared for loading at ITC Pasadena from [storage tanks] 100-12 & 100-13." *See* **Exhibit 1**, E-mail from Stuart Benton to Wes Farmer (Nov. 8, 2018, 2:15 P.M.).

11. In response, on November 14, 2018, Macquarie forwarded Petredec's request to Defendant, and copied Petredec, asking Defendant, "Please advise if the subject vessel is acceptable for ITC operations." *See* Ex. 1, E-mail from Wes Farmer to Pasadena Traffic (Nov. 14, 2018, 2:55 P.M.).

12. On the same day, Defendant responded to Macquarie and Petredec by e-mail that the MT STENA POLARIS was approved for loading at the Pasadena Terminal, stating, "This vessel is approved for Cargo Operations at ITC Pasadena. Please be advised max draft is 40'." *See* Ex. 1, E-mail from Jonathan Barrett to Wes Farmer & Pasadena Traffic (Nov. 14, 2018, 2:57 P.M.).

13. As a result of Defendant's approval of the MT STENA POLARIS, Petredec directed the MT STENA POLARIS to proceed to Defendant's Pasadena Terminal and load the intended cargo.

14. On November 27, 2018, MT STENA SOLARIS entered the Houston Ship Channel, bound for the ITC Pasadena Terminal. The vessel arrived at the ITC Pasadena Terminal on November 27, 2019, and issued notice of readiness for loading.

15. On November 27, 2018, at 2:58, P.M., Macquarie sent an e-mail to Petredec stating, "Need you to call me at my desk ASAP—your vessel beam is too big for terminal." *See* **Exhibit 2**, E-mail from Tim Purdy to Stuart Benton (Nov. 27, 2018, 2:58 P.M.). Later, on November 27, 2018, Macquarie continued to forward to Petredec e-mail communications from Defendant regarding the maximum beam for vessels loading cargo at the Pasadena terminal, which first claim the pilots "won't approve anything above 120'" and, then claim that "any beam larger than 106' is not allowed at ITC Pasadena." *See* Ex. 2, E-mail from Tim Purdy to Stuart Benton (Nov. 27, 2018, 5:06 P.M.); Ex. 2, E-mail from Tim Purdy to Stuart Benton (Nov. 27, 2018, 6:56 P.M.).

16. Petredec made arrangements to move the cargo by barge from ITC's Pasadena Terminal to ITC's Deer Park Terminal, which took from December 1-21, 2018 to complete.

Between December 3-7, 2018, part of the cargo was loaded from the ITC Deer Park Terminal onto the MT STENA POLARIS.

17.  As a result of the misrepresentation made by Defendant regarding the ability of the ITC Pasadena Terminal dock to accommodate the MT STENA POLARIS and to load cargo on the vessel, Petredec incurred significant costs for inspections, storage, barges, and demurrage until it was able to load the cargo. Moreover, Petredec was only able to load part of the cargo. In addition, Petredec incurred additional damages while the vessel lay idle, because it could not load cargo at the Pasadena Terminal as Defendant had represented.

## V.   CLAIMS FOR RELIEF

### NEGLIGENT MISREPRESENTATION UNDER GENERAL MARITIME LAW

18.  Petredec re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 18 above.

19.  Defendant, in the course of its profession, supplied false information concerning the ability of the ITC Pasadena Terminal dock to accommodate the MT STENA POLARIS for the loading of cargo. Defendant, which expressly approved the MT STENA POLARIS for docking and loading cargo at the Pasadena Terminal dock, owned and operated by Defendant, knew or should have known that Petredec would use the information provided by Defendant in Petredec's business transaction with Macquarie.

20.  Petredec utilized the false information supplied by Defendant as guidance for Petredec's business transaction with Macquarie.

21.  Defendant failed to exercise reasonable care in approving the MT STENA POLARIS for docking and loading cargo at the Pasadena Terminal, despite the fact that Macquarie communicated to Defendant that the MT STENA POLARIS would be utilized for operations at the Pasadena Terminal.

22.     Petredec justifiably relied on the false information supplied by Defendant in directing the MT STENA POLARIS to dock at ITC Pasadena Terminal and load the cargo in question.

23.     As a result of the false information supplied by Defendant, Petredec incurred damages in excess of $387,815, including costs for inspections, storage, barges, and demurrage.

24.     Therefore, Petredec requests actual, consequential, and incidental damages, as well as costs, as further set forth below.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Petredec respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

(a)     All actual, consequential, special, and incidental damages incurred in connection with Defendant's negligent misrepresentation; and

(b)     Pre-judgment interest on any award entered.

Dated:  September 4, 2019.

Respectfully Submitted,

/s/ *Julia Haines*
Julia Haines
Texas Bar No. 08710800
SD Bar No. 00765
julia.haines@hklaw.com
Michael Razeeq
Texas Bar No. 24093016
SD Bar No. 3351168
michael.razeeq@hklaw.com
1100 Louisiana Street, Suite 4300
Houston, Texas 77002
(713) 821-7000 (Main)
(713) 821-7001 (Fax)

**HOLLAND & KNIGHT, LLP**

**ATTORNEYS FOR PLAINTIFF
PETREDEC TRADING (U.S.), INC.**